IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL LOCKE FRANKLIN                                                                PLAINTIFF

v.                                       Civil No. 2:22-CV-02088

SGT. WARR                                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1]  Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint on June 1, 2022.  (ECF No. 1).  That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application, which Plaintiff filed on June 10, 2022.  (ECF Nos. 4, 5).  Plaintiff was granted IFP status on June 13, 2022.  (ECF No. 6).

Plaintiff is a pretrial detainee incarcerated in the Sebastian County Detention Center.  (ECF No. 1 at 2).  Plaintiff alleges Defendant, Sgt. Warr, violated his constitutional rights with "ongoing prejudice" when he "knowingly and unjustifiably pressed [battery] charges on me for getting attacked and beaten on." (*Id*. at 4).  Plaintiff further alleges "mob hits" are used against him and

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

"people" often set him up for attack. (*Id*.). Plaintiff believes "some individuals continue to hold grudges and attack me." (*Id*. at 5). Plaintiff alleges that "people want me dead, but I don't know who." (*Id*. at 10). Plaintiff further alleges that Sgt. Warr "ran away" when he tried to tell him of his innocence. (*Id*. at 5). Plaintiff does not provide a date for any disciplinary charge against him. (*Id*. at 4). Plaintiff also does not allege that Sgt. Warr knew of a pending attack and failed to take steps to protect him, or that he was denied due process concerning the disciplinary charge process.

Plaintiff proceeds against Defendant in both his official and personal capacities. (*Id*. at 5). For his official capacity claim, Plaintiff alleges that he:

> has need for and sought career opportunities requiring a Top Secret Clearance. This mob style administration has no consideration into the future of the victims of Sebastian County. My future and my rights and my health are always under assault here. I have been assaulted a dozen times or so. [S]erious ones.

(*Id*. at 5). Plaintiff seeks compensatory, punitive damages and other damages, including a full pardon. (*Id*. at 9). Plaintiff cites television personality Dr. Phil in support of his damages request. (*Id*.). He alleges he was in the process of incorporating a nonprofit before his arrest, and the ongoing physical assaults and attacks on his character and reputation are premeditated and intended to "finish me off." (*Id*. at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's claim that his constitutional rights were violated by the imposition of a jail disciplinary charge is barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*. *Edwards*, 520 U.S. at 646-48. Any

challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id.* Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley*, 83 F3d. 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 F. App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good-time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Plaintiff does not allege that the disciplinary charge brought against him by Defendant Warr has been favorably terminated. As such, his claim is *Heck*-barred.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE